THOMAS B. McHUGH v. MICHAEL BUTLER.

*Affidavit of amount due.*

An affidavit of the amount due when suit is brought is of no force if made several days before suit is begun.

When a plaintiff rests his case upon a void affidavit of the amount due, he cannot after the defendant rests, prove his account in the ordinary way unless the court, in its discretion, permits him to do so. He is only entitled of right to give rebutting evidence so far as by evidence in chief he has made any case.

Error to St. Clair. Submitted June 14. Decided June 21.

ASSUMPSIT. Plaintiff brings error.

*James L. Coe* for plaintiff in error.

*E. G. Stevenson* and *O'B. J. Atkinson* for defendant in error.

GRAVES, J. McHugh sued to recover on an open account and served with the declaration a copy of the account and of an affidavit made by him of the amount due. The defendant made no affidavit in reply.

On the trial the plaintiff contending that his affidavit had the effect to make out a *prima facie* case under the statute (Comp. L., § 5954), rested without adducing any extrinsic evidence whatever of the account. The defendant then gave evidence tending to show that the account was not against him and that he was not debtor for it, and rested.

The plaintiff then sought to go back and give evidence of his original case, and on objection the court refused to permit it.

The affidavit of amount due on account seems to have been made seven days before the institution of the suit and the point is made that it was therefore of no force, and we think the objection is unanswerable.

39 MICH.—24

In permitting the use of an affidavit to operate as *prima facie* evidence on the trial that there existed a cause of action to the amount sworn to when the suit was commenced, the provision must be considered as intending that the oath must be at least substantially contemporaneous with the institution of the suit.

The very nature of the regulation implies that it must be so timed as to show how the fact is when the party asserts a right of action, and not how it may have been at some earlier time, and if such an interval occurs as to cause failure of this effect, the proceeding cannot aid the plaintiff's case. Here the affidavit was made out of time, and when the plaintiff went to trial his situation was no better than it would have been if no affidavit had been made. He was required to prove his case in the ancient way. But he made no proof at all before resting, of his claim on the account, and he could not insist as matter of right upon going back and making such proof after the defendant had closed his case. So far as he had put forward any case by evidence in chief he was at this stage entitled as of right to give rebutting evidence, and the court had a discretion to permit him to return and submit evidence in chief but it was not bound to do so. He could not insist upon it as a right, and the refusal of the court is not open to review. The questions as to what is the proper bearing and effect of a good affidavit under the statute do not arise.

What has been said disposes of the case.

The judgment should be affirmed with costs.

The other Justices concurred.